BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:  LENOVO ADWARE LITIGATION | ) ) ) ) MDL DOCKET NO. 2624 |

DEFENDANT SUPERFISH, INC.'S RESPONSE TO MOTION FOR TRANSFER OF ACTIONS

**FENWICK & WEST LLP**
Rodger R. Cole (CSB NO. 178865)
rcole@fenwick.com
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:(650) 988-8500
Facsimile: (650) 938-5200

*Counsel for Defendant Superfish, Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................................2

    A. Superfish ..................................................................................................................2

    B. The Lenovo Adware Actions ...................................................................................2

III. ANALYSIS ...........................................................................................................................3

    A. The Lenovo Adware Actions Should be Transferred to a Single District for Pretrial Coordination .................................................................................................3

        1. The Lenovo Adware Actions Involve Common Questions of Fact .............3

        2. Transfer and Consolidation Will Be Convenient for the Parties and Witnesses .......................................................................................................4

        3. Transfer Would Promote the Just and Efficient Conduct of the Litigation ........................................................................................................5

    B. The Lenovo Adware Actions Should be Transferred to the Northern District of California ..................................................................................................................7

        1. The Northern District of California is the Proper District for the Lenovo Adware Actions ..............................................................................7

        2. The Northern District of California is a More Appropriate Venue than the Eastern District of North Carolina ..........................................................8

IV. CONCLUSION .....................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*In re: AOL Time Warner Inc. Sec. Litig.*,
  235 F. Supp. 2d 1380 (J.P.M.L. 2002) ................................................................................3

*In re: Apple iPhone 4 Prods. Liability Litig.*,
  746 F. Supp. 2d. at 1358 ......................................................................................................7

*In re Baldwin-United Corp. Litig.*,
  581 F. Supp. 739 (J.P.M.L. 1984) ........................................................................................5

*In re Baycol Prods. Liability Litig.*,
  180 F. Supp. 2d 1378 (J.P.M.L. 2001) .................................................................................6

*In re Carrier IQ, Inc. Consumer Privacy Litig.*,
  Case No. 12-md-2330-EMC .................................................................................................7

*In re Celotex Corp. "Technifoam" Prods. Liability Litig.*,
  424 F. Supp. 1077 (J.P.M.L. 1977) ......................................................................................4

*In re Elevator and Escalator Antitrust Litig.*,
  350 F. Supp. 2d 1351 (J.P.M.L. 2004) .................................................................................7

*In Re: Facebook Privacy Litig.*,
  Case No. 5:10-cv-02389-JW ................................................................................................8

*In re Google Android Consumer Privacy Litig.*,
  Case No. 3:11-md-02264-JSW .............................................................................................7

*In re Google Inc. Street View Electronic Comm.*,
  Case No. 5:10-md-02184-JW ...............................................................................................8

*In re LivingSocial Mktg. and Sales Practices Litig.*,
  807 F.Supp.2d 1379 (J.P.M.L. 2011) ...................................................................................3

*In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*,
  398 F. Supp. 2d 1363 (J.P.M.L. 2005) .................................................................................4

*In re Maytag Corp. Neptune Washer Prods. Liability Litig.*,
  333 F. Supp. 2d. 1382 (J.P.M.L. 2004) ................................................................................6

*In re Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litig.*,
  560 F.Supp.2d 1371 (J.P.M.L. 2008) ...................................................................................4

*In re Metoprolol Succinate Patent Litig.*,
  329 F. Supp. 2d 1368 (J.P.M.L. 2004) .................................................................................5

*In re Nat. Res. Fund, Inc., Sec. Litig.*,
    372 F. Supp. 1403 (J.P.M.L. 1974)..................................................................................6

*In re NetFlix Privacy Litig.*,
    Case No. 5:11cv00379 (J. Davila) .................................................................................8

*In re Plumbing Fixture Cases*,
    298 F. Supp. 484 (J.P.M.L. 1968)..................................................................................7

*In re Vonage Initial Pub. Offering (IPO) Secs. Litig.*,
    471 F. Supp. 2d 1354 (J.P.M.L. 2007)...........................................................................5

*In re Wash. Pub. Power Supply Sys. Secs. Litig.*,
    568 F. Supp. 1250 (J.P.M.L. 1983)................................................................................7

*In Re Zynga Privacy Litig.*,
    Case No. 5:10-cv-04680-JW ..........................................................................................8

**STATUTES**

28 U.S.C. § 1407(a) .................................................................................................................3, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(g)(3).................................................................................................................6

Judicial Panel on Multidistrict Litigation Rules 7.1, 7.2 ..............................................................5

Defendant Superfish, Inc. ("Superfish") respectfully submits this brief in response to Plaintiff Lukas Pick's Motion For Transfer of Actions to the Eastern District of North Carolina Pursuant to 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings (MDL No. 2624, Dkt. #1) ("*Pick* MDL Motion for Transfer").  Superfish supports the consolidation of actions pursuant to 28 U.S.C. § 1407, but respectfully submits that the Northern District of California—where Superfish is headquartered and the majority of actions to date have been filed—rather than the Eastern District of North Carolina, is the appropriate venue for consolidated proceedings.  Therefore, Superfish requests an order consolidating and transferring the actions set forth in the Schedule of Actions, filed herewith, and any subsequently filed actions against Superfish concerning the same or similar alleged facts, to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

I.  **INTRODUCTION**

Superfish is aware of 20 class actions that have been filed in eight different districts since February 19, 2015, naming Superfish and Defendant Lenovo (United States), Inc. ("Lenovo") as defendants and alleging similar claims relating to the operation of Superfish software installed on Lenovo computers (collectively, the "Lenovo Adware Actions").[1]  All Lenovo Adware Actions identified as of the date of this response are listed on the Schedule of Actions, filed concurrently herewith.  This MDL action was initiated on February 25, 2015, when the Plaintiffs in the *Pick v. Lenovo (United States), et al.*, action (Case No. 15-cv-00068-D in the Eastern District of North Carolina) filed the *Pick* MDL Motion for Transfer advocating for transfer and consolidation of all related actions to the Eastern District of North Carolina.

The Lenovo Adware Actions should be centralized to a single district for pretrial proceedings based on the factors set forth in 28 U.S.C. § 1407.  First, the Lenovo Adware

---

[1] As of the date of this filing, eleven actions have been filed in the Northern District of California, three have been filed in the Eastern District of North Carolina, and one action has been filed in each of the following districts: the Southern District of California, the Eastern District of New York, the District of Oregon, the Northern District of Illinois, the Western District of Kentucky, and the Western District of Washington.  *See* Schedule of Actions.

1

Actions are all substantially similar and, in some cases, nearly identical. Each case arises from the same common nucleus of facts – the alleged unlawful interception of communications from Lenovo computers and related introduction of security vulnerabilities onto those computers. Second, the convenience of the witnesses and parties would best be served by one, centralized litigation in the Northern District of California, not by 20 independent cases in at least 8 districts covering the same subject matter. Third, the just and efficient conduct of this litigation would be promoted by having a single judge issue a case management schedule, rule on dispositive motions, and if necessary, resolve issues surrounding discovery and class certification.

## II.     FACTUAL BACKGROUND

### A.     Superfish

Superfish, a privately held company, is headquartered in Palo Alto, California, in the Northern District of California. Superfish develops image-to-image search technology that enables consumers to search for items based on the appearance of the item, rather than a text based description. All of Superfish's twenty-five employees in the United States are located in its Palo Alto office. Superfish has one additional office located in Petah Tiqva, Israel.

### B.     The Lenovo Adware Actions

On February 19, 2015, Reuters published an article suggesting that Superfish software on Lenovo computers unlawfully intercepted Lenovo customers' communications, and exposed these customers to significant security vulnerabilities. The following day a blog post focusing on these same allegations went viral. In the wake of these allegations, plaintiffs began filing a series of lawsuits across the country against Superfish and Lenovo, concentrated primarily in the Northern District of California and other California courts. These lawsuits all center around the allegation that Superfish software unlawfully intercepted customer communications and undermined the security of online transactions on Lenovo computers. All actions filed to date seek to represent a class of consumers who purchased Lenovo computers on which Superfish software was pre-installed.

This MDL action was initiated on February 25, 2015, when the Plaintiffs in the *Pick*

action filed their motion for consolidation and transfer. Since that filing one additional plaintiff has filed a response in support of consolidation and transfer. *See* Dkt. # 34 (filed by plaintiffs in *Wood v. Lenovo (United States), et al.*, Case No. 15-cv-00077 in the Eastern District of North Carolina) (hereafter, "*Wood* MDL Response"). To date, no plaintiffs have opposed consolidation.

### III.   ANALYSIS

#### A.   The Lenovo Adware Actions Should be Transferred to a Single District for Pretrial Coordination

The MDL Panel may transfer cases to a single judicial district for pretrial coordination or consolidation if: (1) they involve "common questions of fact"; (2) transfer would be convenient for the parties and witnesses; and (3) transfer would "promote the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation, Fourth, § 20.131 (2004) (citation omitted). These factors all strongly militate in favor of transfer here, and all moving or responding plaintiffs support consolidation and coordination.

##### 1.   The Lenovo Adware Actions Involve Common Questions of Fact

Section 1407 authorizes the transfer and coordination of cases that involve "common questions of fact." 28 U.S.C. § 1407(a). The Lenovo Adware Actions involve questions of fact that are not merely common, but **virtually identical**. *See In re: AOL Time Warner Inc. Sec. Litig.*, 235 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (consolidating actions that could be expected to focus on a significant number of common factual questions, events, and witnesses). All of the Lenovo Adware Actions are putative class actions against Superfish and Lenovo, which arise from the same common nucleus of facts – the alleged interception of communications emanating from Lenovo laptops and introduction of security vulnerabilities into those laptops. The presence of these nearly identical factual allegations supports a transfer order. *See, e.g., In re LivingSocial Mktg. and Sales Practices Litig.*, 807 F.Supp.2d 1379 (J.P.M.L. 2011)

3

(consolidating actions involving common factual questions stemming from defendant's alleged misconduct).

While the Lenovo Adware Actions collectively assert a variety of causes of action, there is substantial overlap of the claims asserted in each action and all claims proceed from a common nucleus of facts. Seventeen of the twenty cases allege violations of the Stored Communications Act, thirteen allege violations of the Wiretap Act and the Computer Fraud and Abuse Act, and twelve assert claims under California's Unfair Competition Law. This significant overlap in legal theories, along with the common nucleus of facts at the core of each theory, weighs heavily in favor of consolidation. *See, e.g., In re Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litig.*, 560 F.Supp.2d 1371 (J.P.M.L. 2008) (transferring actions for consolidation where plaintiffs actions' involved unique state law claims in addition to the common claims under RESPA); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core."); *In re Celotex Corp. "Technifoam" Prods. Liability Litig.*, 424 F. Supp. 1077, 1078-79 (J.P.M.L. 1977) ("The fact that [an action] may also involve parties and issues not present in other actions…is no obstacle to transfer").

### 2. Transfer and Consolidation Will Be Convenient for the Parties and Witnesses

Even setting aside the particular convenience that the Northern District of California provides, pretrial coordination of these actions in any single district is more appropriate than having 20 virtually identical cases proceeding individually. Because the Lenovo Adware Actions are so similar, it is logical for one judge to "structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common part[ies] and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in actions." *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d at 1365. Without centralization, Superfish and Lenovo would potentially be subjected to over

eight different district judges' decisions on the timing and scope of discovery.  Further, their key witnesses would be subject to serial requests to provide testimony.  Streamlining discovery in the Lenovo Adware Actions will prevent needless inconvenience, disruption, and burden.

Plaintiffs will also benefit from pretrial centralization.  Instead of proceeding individually, they can "combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned."  *In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (citation omitted).  It would be highly wasteful and inefficient for different groups of plaintiffs' lawyers to engage in redundant pretrial activities when the work can easily be split up in a coordinated proceeding.

### 3. Transfer Would Promote the Just and Efficient Conduct of the Litigation

Transfer to a single district also would "promote the just and efficient conduct" of the Lenovo Adware Actions.  28 U.S.C. § 1407(a).  All 20 Lenovo Adware Actions are in their earliest stages.  They have all been filed in the last month, and Superfish has not responded to the underlying complaints or engaged in substantive negotiations with the plaintiffs concerning case management.  It makes sense to coordinate these actions from the start, and ensure that all parties can benefit from the MDL tag-along procedures in the likely event that similar cases are subsequently filed.  *See* United States Judicial Panel on Multidistrict Litigation, Rules 7.1, 7.2; *see also In re Metoprolol Succinate Patent Litig.*, 329 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004) ("Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts.").

Transfer, consolidation, and coordination would ensure consistent pretrial rulings on, *inter alia*, dispositive motions, and, if necessary, class certification.  *See In re Vonage Initial Pub. Offering (IPO) Secs. Litig.*, 471 F. Supp. 2d 1354, 1356 (J.P.M.L. 2007) ("Centralization

5

under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification issues)"); *In re Maytag Corp. Neptune Washer Prods. Liability Litig.*, 333 F. Supp. 2d. 1382, 1383 (J.P.M.L. 2004) (same); *In re Baycol Prods. Liability Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (same). The potential for eight district court judges (or more) to issue potentially conflicting merits and class certification rulings in putative nationwide class actions against the same defendants over the same conduct weighs heavily in favor of consolidation. *In re Nat. Res. Fund, Inc., Sec. Litig.*, 372 F. Supp. 1403, 1404 (J.P.M.L. 1974) ("[T]he potential for conflicting class determinations by the transferor courts…presents another highly persuasive if not compelling reason for transfer of all actions to a single judge.").

Pretrial centralization would also prevent duplicative and inefficient discovery. If the Lenovo Adware Actions were to proceed as currently constituted, Superfish could potentially face up to twenty sets of discovery requests concerning its software at issue. A more efficient approach is to have a single judge decide the appropriate scope of discovery, if any, or resolve any discovery disputes.

Finally, the need for coordination between these overlapping putative class action lawsuits makes the Lenovo Adware Actions particularly suitable to centralization. In a consolidated or coordinated proceeding under Section 1407, the presiding district judge is likely to appoint interim class counsel under Fed. R. Civ. P. 23(g)(3). *See* Ten Steps to Better Case Management: A Guide for Multidistrict Litigation Transferee Judges (2009) ("It is often necessary in complex MDLs to select lead, liaison, and/or administrative counsel. This is one of your first and most important decisions."). Appointed interim counsel can then make decisions on behalf of the putative class, including the composition of a master complaint and agreements with defense counsel concerning scheduling and discovery matters, which creates efficiencies for the parties and the judiciary and ensures an orderly process. In the absence of pretrial centralization, plaintiffs would likely vie for conflicting interim class counsel appointments in multiple judicial districts and likely seek different pretrial schedules and make different

discovery demands.  *See, e.g., In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) ("It is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest.").  That procedural morass can be avoided by ordering the Lenovo Adware Actions transferred to a single district under Section 1407.

        B.       <u>**The Lenovo Adware Actions Should be Transferred to the Northern District of California**</u>

            1.       **The Northern District of California is the Proper District for the Lenovo Adware Actions**

The Northern District of California is the most appropriate district for the Lenovo Adware Actions to proceed for pretrial activities.  More than half of the Lenovo Adware Actions already filed are pending in the Northern District, while no other district has more than three of the Lenovo Adware Actions.  *See In re Elevator and Escalator Antitrust Litig.,* 350 F. Supp. 2d 1351 (J.P.M.L. 2004) (transferring 22 actions to the district where the largest number of actions were pending).  The Northern District of California is also appropriate as "the center of gravity of this litigation and the focal point for discovery."  *In re Wash. Pub. Power Supply Sys. Secs. Litig.*, 568 F. Supp. 1250, 1251-52 (J.P.M.L. 1983).  Superfish's headquarters—and corresponding relevant witnesses—are located in Palo Alto, within the Northern District.  *In re: Apple iPhone 4 Prods. Liability Litig.*, 746 F. Supp. 2d. at 1358 (transferring actions to the Northern District of California where the headquarters and witnesses of the common defendant were located).  Additionally, it is likely that many potential non-party witnesses, such as experts in the relevant field, are located in the Northern District of California.

The Northern District of California, with its dockets and its judges, is highly capable of handling additional MDL assignments.  The bench in the Northern District has unparalleled experience dealing with putative privacy class actions brought against technology companies, including cases that have been centralized pursuant to Section 1407.  *See*, *e.g.*,  *In re Carrier IQ, Inc. Consumer Privacy Litig.,* Case No. 12-md-2330-EMC; *In re Google Android Consumer Privacy Litig.,* Case No. 3:11-md-02264-JSW; *In re Google Inc. Street View Electronic Comm.*,

7

Case No. 5:10-md-02184-JW; *In re NetFlix Privacy Litig.*, Case No. 5:11cv00379 (J. Davila), *In Re Zynga Privacy Litig.*, Case No. 5:10-cv-04680-JW; *In Re: Facebook Privacy Litig.*, Case No. 5:10-cv-02389-JW.  The Eastern District of North Carolina handles far less technology-related cases, and few, if any, MDL actions.  *See* Exhibit 1 to *Pick* MDL Motion to Transfer.  Additionally, the Northern District of California's judges have greater familiarity with California state law than any out of state judges, a pertinent consideration here as thirteen of the twenty Lenovo Adware Actions assert California state law claims.

Finally, the Northern District of California is easily accessible and is home to several major airports, including San Francisco International Airport, Oakland International Airport, and San Jose International Airport, each of which features daily flights to and from numerous locations across the United States and internationally.

### 2. The Northern District of California is a More Appropriate Venue than the Eastern District of North Carolina

Although the *Pick* and *Wood* plaintiffs seek consolidation in the Eastern District of North Carolina, the Northern District of California is a more appropriate venue for the Lenovo Adware Actions to proceed than the Eastern District of North Carolina.  The *Pick* and *Wood* actions are two of only three Lenovo Adware Actions pending in the Eastern District of North Carolina, while eleven are pending in the Northern District of California.  Relatedly, only *Pick* and *Wood* assert claims under North Carolina law, while thirteen of the Lenovo Adware Actions assert claims under California law.  Given the import of California law to many of the Lenovo Adware Actions, consolidation in California is preferable to consolidation out of state.

Moreover, although common Defendant Lenovo is headquartered in the Eastern District of North Carolina, greater import should be accorded to Superfish's headquarters in the Northern District of California.  The allegations in all of the Lenovo Adware Actions center around the operation of Superfish software, meaning that many of the key witnesses are likely to be Superfish employees.  Even if—as the *Wood* plaintiffs suggest—plaintiffs see Lenovo as being

8

better financially situated to defend the cases and possibly payout plaintiffs' claims,[2] this does not change the import of Superfish witnesses and documents to the pretrial proceedings.

If anything, the financial discrepancy pointed to by the *Wood* plaintiffs weighs in favor of proceeding in the Northern District of California, not in the Eastern District of North Carolina. Superfish is a small company with only twenty-five domestic employees. *Wood* MDL Response at 6. Lenovo, by contrast, is a large multi-national corporation that recently announced quarterly revenue of $14.1 billion, with net cash reserves of $1.3 billion. *See id*. While Lenovo is equipped to litigate this claim in any location (and supports consolidation in the Northern District of California), the burden of cross-country litigation would be an entirely different matter for a small startup like Superfish. Because Superfish is not well-positioned to litigate far from its headquarters, consolidation should occur in the Northern District of California.

## IV. CONCLUSION

For the foregoing reasons, Superfish respectfully requests that the Panel transfer the Lenovo Adware Actions listed in the Schedule of Actions filed herewith to the United States District Court for the Northern District of California, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated:  March 18, 2015                                         FENWICK & WEST LLP

By: */s/ Rodger R. Cole*
Rodger R. Cole (CSB NO. 178865)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

*Attorneys for Defendant Superfish, Inc.*

---

[2] *Wood* MDL Response at 6.

9