## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: LENOVO ADWARE LITIGATION | MDL No. 2624 |
|---|---|

**INTERESTED PARTY RESPONSE OF PLAINTIFFS STERLING INTERNATIONAL CONSULTING GROUP, JESSICA BENNETT, DAVID HUNTER, CHRISTOPHER HALL, MATTHEW KELSO, MICHAEL MORICI, JAYNE COSTANZO, RYAN BAUMGARTNER, LAURA BURNS, THOMAS CARNEY, BEATRIZ DAVIS, DENNIS HASTY, WENDY DURAN, GABE DURAN, RHONDA ESTRELLA, SONIA FEREZAN, JOHN WHITTLE ALAN WOYT, KEN MARTINI, JGX, INC., STANLEY JOHNSON, MICHAEL SIMONOFF, RUSSELL WOOD, THOMAS WILSON, MICHELLE BEHREN, MARY JANE BARBOSA, ROBERT RAVENCAMP, SUSAN SCHULTZ, HERBERT PHILLIPS, SUSAN TAM, JOHN LEVENHAGEN, BRANDEN HAYDEN, JOEL FOSTER, NICK THWEATT, IVAN WU, PATRICK JOHNSON AND MICHAEL REINERT TO MOTION FOR TRANSFER AND COORDINATION OF RELATED ACTIONS TO THE EASTERN DISTRICT OF NORTH CAROLINA PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

This interested party response is submitted pursuant to 28 U.S.C. § 1407 and J.P.M.L. Rule 6.2(e) by plaintiffs in 19 of the 21 actions (collectively, "N.D. Cal. Plaintiffs")[1] pending against Lenovo Group Limited, its two U.S. subsidiaries (Lenovo (United States) Inc. and Lenovo Holding Company, Inc.) and Superfish Inc. (collectively, "Defendants"). The N.D. Cal. Plaintiffs support consolidation of these related actions in a single district, the Northern District of California, and oppose the request to transfer the actions to the Eastern District of North Carolina. California has the most significant contacts on both the plaintiff and defendant sides of the case. The misconduct

---

[1] The N.D. Cal. Plaintiffs are identified on Appendix A and include all plaintiffs in the cases filed in the Northern District of California, all plaintiffs in the cases filed in the Southern District of California, the Eastern District of New York, the District of Oregon, the Northern District of Illinois, the Western District of Kentucky and the Western District of Washington, and all plaintiffs in one of the cases filed in the Eastern District of North Carolina.

alleged in the actions has affected far more consumers in California than citizens of any other state, there are far more actions pending in California than anywhere else, California is the only state where the primary defendants may be found, and it is the most convenient venue for the parties, witnesses and all counsel.  It is also the venue supported by the most parties, including at least one of the defendants.  Moreover, the Northern District of California has a low civil caseload, a fast docket, and a judiciary with great experience in both the computer technology issues raised in this litigation and in the management of complex multidistrict matters.

## FACTS

In August or September 2014, defendant Lenovo Group Ltd. began preinstalling a software program called Superfish Visual Discovery on at least 43 different Lenovo notebook computer models sold to consumers in the United States and elsewhere.[2]  Lenovo Group Ltd. is a Hong Kong corporation with its principal place of business in Beijing, China.[3]  The notebook computer models at issue in the litigation were manufactured, and the Superfish program was preinstalled in those notebook computers, at Lenovo's manufacturing facilities in Asia or Central America.[4]  The Superfish program itself was developed, sold and operated by defendant Superfish Inc., a software company headquartered in Palo Alto, California.[5]

---

[2] *Sterling* Complaint ¶ 2.  Lenovo is also alleged to have installed the Superfish program on certain replacement computer hard drives that were manufactured during the same time period.  *Hayden* Complaint ¶¶ 43-44.

[3] *Sterling* Complaint ¶¶ 19, 21.

[4] Lenovo maintains a 115 person facility in North Carolina at which a small percentage of its computers manufactured oversees are assembled.  However, the North Carolina facility does not assemble any of the 43 notebook computer models at issue in the litigation.  *See* http://news.yahoo.com/lenovo-marks-first-us-manufacturing-plant-nc-194123331.html (last visited Mar. 17, 2015).

The Superfish program is spyware that, once installed by Lenovo, allowed Superfish to intercept, monitor and alter computer users' internet activities and search results from its Palo Alto headquarters.  The installation of the program by Lenovo and operation of the program by Superfish was not disclosed to computer users, and the program was hidden in the computer - buried deep within the operating system at a root level - so as to avoid detection by any common computer security programs.[6]  In addition to allowing Superfish to spy on all users of the affected Lenovo notebook computers, the Superfish program creates severe security issues for anyone accessing the internet on an affected computer because it breaks the computer's otherwise secure encryption keys and replaces them with Superfish's own unsecure common keys.[7]

Lenovo now admits that the Superfish program creates a high security risk for any notebook computer on which it was preinstalled, and the U.S. Department of Homeland Security has issued an alert advising consumers who purchased a Lenovo notebook computer with the Superfish program preinstalled to remove the program immediately because it makes the computer vulnerable to cyberattacks, even if the computer is running anti-virus and firewall protection programs.[8]  As one computer expert noted, it's "quite possibly the single worst thing I have seen a manufacturer do to its customer base . . . I cannot overstate how evil this is."  Another expert stated that "[w]hen Lenovo preinstalled Superfish adware on its laptops, it betrayed its customers and sold out their security."[9]

---

[5] *Sterling* Complaint ¶¶ 2, 20, 23.

[6] *Id.* ¶ 3.

[7] *Id.* ¶¶ 5-6.

[8] *Id.* ¶ 7.

[9] *Id.*

Following the public disclosure in late February 2015 of the facts described above, 21 class actions have been filed to date in eight judicial districts by consumers who purchased one of the 43 affected Lenovo notebook computer models. The actions generally assert violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Federal Wiretap Act, 18 U.S.C. §§ 2510, 2522, the Stored Communications Act, 18 U.S.C. § 2701, common law claims and claims under the laws of certain states.[10] All of the actions name Superfish and Lenovo (United States) as defendants. Eight of the actions also name Lenovo Group Ltd. and one action also names Lenovo Holding Company as defendants. Twelve of the 21 actions are filed in the Northern District of California.[11] Additional actions have been filed in seven other judicial districts. However, plaintiffs in all but two of the 21 actions have agreed to support centralization of the litigation in the Northern District of California and plaintiff in one of the two remaining actions agrees that the Northern District of California is an acceptable and viable alternative transferee venue.

## ARGUMENT

All of the factors the Panel considers in determining where to transfer a newly filed MDL proceeding support transfer to the Northern District of California. The Northern District of California is the only district where Defendants may be found, and it is likely to be the most central location for witnesses, the parties and counsel. It is in the state where a significant amount of the harm occurred and the district where a majority of the actions have been filed (12 of 21).

---

[10] Two of the actions also assert claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and one action also asserts a claim under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961.

[11] Motions to relate the 12 Northern District of California actions are pending before Judge Whyte in the *Sterling* action, 5:15-cv-00807-RMW (N.D. Cal.), the low-numbered case in that district.

Senior District Judge Ronald M. Whyte, who has been assigned the low-numbered case in the Northern District of California, is a highly seasoned jurist with extensive prior MDL experience, but who currently has no pending MDL on his docket.  Sitting in the heart of Silicon Valley, he is well-qualified to oversee a case about computer hardware and software, as he has done previously.  The Northern District of California repeatedly has been found to be a convenient and accessible forum for parties and counsel, particularly when one of the principal defendants is located in Asia, as is the case here.  For all these reasons, the Northern District of California has the support of at least one of the defendants and plaintiffs in 19 of the 21 pending actions, including plaintiffs who filed actions in seven other districts.  The Northern District of California also has a much lower caseload per judgeship and moves cases faster than the Eastern District of North Carolina, and the San Jose division, where the Lenovo actions are pending, only has one pending MDL proceeding.

I.      **The actions should be transferred to a single district for consolidated pretrial proceedings**

The Panel may transfer and consolidate two or more civil cases for pretrial proceedings if the Panel finds that the cases "[i]nvolve one or more common questions of fact," "transferring the cases would serve "the convenience of parties and witnesses," and that transferring the cases will "promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  As set forth in Plaintiff Lukas Pick's motion for transfer, the related actions against Defendants, including the 17 actions commenced after the motion for transfer was filed, easily meet the § 1407(a) criteria and should be transferred and coordinated in a single district for pretrial proceedings.

II.     **The Northern District of California is the most appropriate venue for the litigation**

The Northern District of California is the most appropriate district in which to transfer the litigation.  The proposed classes in all 21 of the actions consist of consumers in the United States

who purchased a Lenovo computer on which the Superfish software was preinstalled. California is by far the most populous state in the United States and it is highly likely that far more class members reside and were harmed in California than anywhere else.[12] This is reflected in the makeup of the plaintiffs in the 21 actions. There are 49 plaintiffs in total, with ten residing in California and only four residing in North Carolina. Two of those North Carolina plaintiffs chose to file suit in California, and all three of the Eastern District of North Carolina actions include California plaintiffs and assert California statutory and common law claims on behalf of various California sub-classes. The Panel previously has transferred class actions to a district where "the largest number of putative class members are located." *In re Delta Air Lines, Inc.*, 170 F. Supp. 2d 1359, 1360 (J.P.M.L. 2001); *In re Credit Default Swaps Antitrust Litig.*, MDL No. 2476, 2013 WL 5703211 (J.P.M.L. Oct. 16, 2013).

The Northern District of California is also the only district in which the principal defendants may be found. Defendant Superfish is headquartered in the Northern District of California, but has no known presence in the Eastern District of North Carolina. Superfish supports transfer to the Northern District of California. *See* Dkt. No. 45. Defendant Lenovo Group Ltd. has a research center and corporate office in the Northern District of California,[13] located just a few miles from the San Jose federal courthouse; its Senior Vice President and General Counsel, Jay Clemens, resides in and works in the Northern District of California;[14] and, importantly,

---

[12] California has a population of 38.8 million, while North Carolina has a population of only 9.9 million. *See* http://en.wikipedia.org/wiki/List_of_U.S._states_and_territories_by_population (last visited Mar. 17, 2015).

[13] *See Lenovo Opens New Office in Silicon Valley, Lenovo Careers*, http://www.lenovocareers.com/en/news-and-events/career-news-description/lenovo-opens-new-office-in-silicon-valley--412?cntry=united-states (last visited Mar. 17, 2015).

[14] Mr. Clemens's LinkedIn profile identifies him as working in the "San Francisco Bay Area," and his Facebook page indicates that Mr. Clemens resides in Hillsborough, California, which is in the

Lenovo Group Ltd. has refused service of process in the Eastern District of North Carolina in the *Sterling* action on the ground that it is not present or doing business at that location.[15]  And, while defendant Lenovo (US) may be headquartered in North Carolina, it also does business in the Northern District of California and has a registered agent for service of process in the State of California.[16]  Thus, while defendants Lenovo (US) and Lenovo Holding Company may be found in the Eastern District of North Carolina, all principal defendants may be found in the Northern District of California.  These facts support transfer to California, not North Carolina.  *See In re Dept. of Veterans Affairs (VA) Data Theft Litig.*, 461 F. Supp. 2d 1367, 1369 (J.P.M.L. 2006) (transferring litigation to the District of District of Columbia in part because "many of the defendants are located in this district and the theft occurred in the Washington, D.C., metropolitan area.").

The Northern District of California also is the district in which much of the alleged misconduct occurred, and the district closest to the misconduct that is alleged to have occurred overseas.  The 21 actions all generally allege the same four acts of misconduct by defendants.  First, the Superfish program was developed for use on personal computers.  Second, the program was surreptitiously preinstalled on certain Lenovo notebook computer models.  Third, those notebook computers were sold to consumers in the United States.  And fourth, once sold and

---

Northern District of California.  *See Jay Clemens*, LinkedIn,   https://www.linkedin.com/pub/jay-clemens/1/790/5b2  and  *Jay  Clemens*,  Facebook, https://www.facebook.com/jay.clemens.39?fref=ts (last visited Mar. 17, 2015).

[15] On March 6, 2015, a process server attempted to serve Lenovo Group Ltd. with the *Sterling* complaint at Lenovo's Morrisville North Carolina operational center.  Lenovo's legal counsel at that address refused to accept service, stating that Lenovo Group Ltd. was not located at that location.  *See* Appendix B attached hereto.  Lenovo Group Ltd. has since been served in Hong Kong, where it is incorporated.

[16] *See* http://kepler.sos.ca.gov/ at Lenovo (United States) Inc. (last visited Mar. 17, 2015).

connected to the internet, the Superfish program spied on and manipulated computer users' private, encrypted communications and compromised the security of the infected Lenovo computers for the purpose of generating advertising revenue.

As discussed above, Superfish is headquartered in the Northern District of California. Thus, it is likely that the program at issue in this litigation was designed and developed there. At the very least, given the location of its headquarters, it is likely that the persons at Superfish most knowledgeable about the design and development of the program, along with other sources of tangible evidence in Superfish's possession, are located in the Northern District of California. Given its convenience to evidence and witnesses at Superfish's headquarters in Palo Alto, California, it is not surprising that Superfish supports the Northern District of California as the transferee forum for this litigation. *See* Dkt. No. 45.

Lenovo Group Ltd. was the defendant that surreptitiously preinstalled the Superfish program, and that conduct occurred overseas where the computers were manufactured and assembled, not in North Carolina. *See* footnote 4, *supra*. Plaintiffs in two of the Eastern District of North Carolina actions (*Pick* and *Wood*) argue that Lenovo (US) made the corporate decision to install the Superfish program in North Carolina. But this is speculation unsupported by any evidence. In fact, the executives who have stepped forward to speak for Lenovo since these cases commenced are senior executives of Lenovo Group Ltd., including Peter Hortensius (Senior Vice President and Chief Technology Officer of Lenovo Group Ltd.) and Mark Cohen (Vice President of Lenovo Group Ltd. for the "Windows Ecosystem").[17]

---

[17] The focus on Lenovo (US) by the Plaintiffs advocating for the Eastern District of North Carolina may be due to the fact that those Plaintiffs failed to name Lenovo Group Ltd. as a defendant, even though all of the publicly-known facts indicate that Lenovo Group Ltd. is the primary wrongdoer, not Lenovo (US).

The fourth act of misconduct alleged in all of the actions was the activation and operation of the Superfish program in California to spy on Lenovo computer users nationwide, which also compromised the security of those computers.  It is undisputed that this occurred in the Northern District of California, where Superfish is located.  Each case in this MDL proceeding involves claims that Superfish and Lenovo violated one or more of the Federal Wiretap Act, the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, or the Stored Communications Act.  Litigating these claims will involve a highly technical investigation into the mechanics of how the Superfish program operates and the back-end computer infrastructure that Superfish used in conjunction with it.[18]  By contrast, discovery from the Lenovo defendants will be less technically intensive, and will primarily involve the substance of its agreements with Superfish, due diligence surrounding the impact of the Superfish program on Lenovo computer users, and the transfer of funds associated therewith.  Because the technical heart of the case will be in the Northern District of California, a location which is also a likely source of technical experts for both sides, it only makes sense to have the cases consolidated there.

In their interested party response in support of transfer of the litigation to the Eastern District of North Carolina, the plaintiffs in the Eastern District of North Carolina *Wood* action rely heavily on a filing in a completely unrelated case by defendant Lenovo (US) in a motion to transfer that case from the Central District of California to the Eastern District of North Carolina.  Reliance on the filing is misplaced.  The case, *Newthink LLC v. Lenovo (US) Inc.*, 5:12-cv-00782-D (E.D.N.C.), was a patent action originally filed in California by Newthink, a Florida company, and

---

[18] The operation of the Superfish program, which communicated with Superfish's computer servers in California, also implicates California' Computer Crime Law on a nationwide basis. Courts in California will be more familiar with this law than courts in North Carolina.

9

the only defendant named was Lenovo (US), a North Carolina company.  It did not involve any overseas entity (like Lenovo Group Ltd.) or an entity located only in California (like Superfish).

III.    **The Northern District of California has more related actions pending than any other district and those actions are as advanced as the actions pending in the other districts**

One factor the Panel considers is which district has the most related actions pending.  *In re: Optical Disk Drive Products Antitrust Litig.*, 701 F. Supp. 2d 1382, 1383 (J.P.M.L. 2010) (transferring proceeding to district with the most actions already pending); *In re: Incretin Mimetics Products Liability Litig.*, 968 F. Supp. 2d 1345, 1347 (J.P.M.L. 2013) (transferring proceeding to district with the majority of the pending actions); *In re Online DVD Rental Antitrust Litig.*, 609 F. Supp. 2d 1376 (J.P.M.L. 2009) (finding the Northern District of California an appropriate transferee forum when the majority of the actions were pending there and some of the defendants and relevant documents and witnesses were located there).

The Northern District of California has 12 pending actions, which is both the majority of the actions and significantly more than any other individual district.  In contrast, the Eastern District of North Carolina only has three pending actions, while the Southern District of California, the Eastern District of New York, the District of Oregon, the Northern District of Illinois, the Western District of Kentucky and the Western District of Washington have just one action each.

Another factor the Panel considers is which of the actions are more advanced procedurally. The Panel has found actions to be more procedurally advanced when dispositive motions have been ruled on, when discovery is underway or when an action was filed years before the others and is more advanced.  *In re: Glaceau VitaminWater Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1349 (J.P.M.L. 2011) (finding action to be more advanced because the court had ruled on a motion to dismiss and discovery was underway); *In re Beef Industry Antitrust Litig.*, 419 F. Supp.

10

720 (J.P.M.L. 1976) (finding action to be more advanced because the court had ruled on several pretrial motions, including a motion for partial summary judgment); *In re: NCAA Student-Athlete Concussion Injury Litig.*, 988 F. Supp. 2d 1373 (J.P.M.L. 2013) (finding action filed more than two years before other actions to be far more advanced).

Here, all of the actions are in a similar procedural posture. There have been no rulings, dispositive or otherwise, in any of the actions. Discovery has not commenced in any of the actions and all of the actions were filed within a few weeks of each other. While plaintiffs in the Eastern District of North Carolina *Wood* action recently filed a motion for a preliminary injunction and an amended complaint, the motion is still being briefed, the complaint has not been answered or otherwise responded to, and no discovery has occurred.

## IV. The judges in the Northern District of California (San Jose Division) are uniquely qualified to handle this litigation

Sitting in the heart of Silicon Valley, the judges in the San Jose division of the Northern District of California are well-qualified to handle this MDL proceeding, which involves both computer hardware and software issues and a number of federal statutes governing electronic communications. *See In re Asbestos Products Liability Litig.*, 771 F. Supp. 415, 422-23 (D.D.C. 1991) (centralizing in court with "extensive experience in complex litigation" as well as with litigation of the relevant subject matter, and with "a judge thoroughly familiar with the issues in [the relevant subject matter, and] a track record of accomplishment and successful innovation."); *In re Air Crash at Tegucigalpa, Honduras, on May 30, 2008*, 598 F. Supp. 2d 1368, 1369 (J.P.M.L. 2009) (assigning litigation to "an experienced transferee judge who is not currently presiding over another multidistrict litigation docket and who has a caseload relatively favorable to accepting this assignment").

Judge Whyte has been assigned the low-numbered action (*Sterling*) in the Northern District of California.  For his part, Judge Whyte has 23 years of experience as a district court judge. During his tenure on the bench, Judge Whyte has presided over four MDL proceedings,[19] three of which involved technology issues, and numerous cases involving some of the biggest computer hardware and software companies in the world, including Google, Apple, Cisco Systems, Samsung, Sprint Nextel, Realtek Semiconductor and LSI Corp.  Judge Whyte is not presently presiding over any multidistrict proceeding.[20]

Likewise, the other active judges in the San Jose division of the Northern District of California also are well-qualified to preside over this litigation and regularly preside over cases involving technology issues similar to the issues in this litigation.  Judge Jeremy Fogel has 17 years of experience as a federal district judge and has presided over four MDL proceedings,[21] but does not presently have an MDL proceeding.  Judge Lucy Koh has five years of experience as a federal district judge and has presided over two MDL proceedings,[22] but is not presently presiding over any multidistrict proceeding.  One of Judge Koh's prior MDL cases, *In re: iPhone/iPad*

---

[19] *In re Cygnus Telecommunications Technology, LLC, Patent Litig.,* MDL 1423 (J.P.M.L. 2001); *In re Apple iPod nano Products Liability Litig.*, MDL 1754 (J.P.M.L. 2006); *In re ConocoPhillips Co Service Station Rent Contract Litig.*, MDL 2040 (J.P.M.L. 2009); *In re Apple iPhone 4 Product Liability Litig.*, MDL 2188 (J.P.M.L. 2010).

[20] *See* MDL Statistics Report – Distribution of Pending MDL Dockets, http://www.jpml.uscourts. gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-17-2015.pdf (last visited Mar. 17, 2015).

[21] *In re Rational Software Corp. Sec. Litig.*, MDL 1224 (J.P.M.L. 1998); *In re: CNN and Time Magazine "Operation Tailwind" Litig.*, MDL 1257 (J.P.M.L. 1999); *In re: Compression Labs, Inc., Patent Litig.,* MDL 1654 (J.P.M.L. 2005); *In re: Wachovia Corp. Pick-A-Payment Mortg. Marketing and Sales Practices Litig.*, MDL 2015 (J.P.M.L. 2009).

[22] *In re: iPhone/iPad Application Consumer Privacy Litig.*, MDL 2250 (J.P.M.L. 2011); *In re: Google Inc. Gmail Litig.*, MDL 2430 (J.P.M.L. 2013).

*Application Consumer Privacy Litig.*, MDL 2250, involved the same statutory claims that are at issue in this proceeding, including the Federal Wiretap Act, the Computer Fraud and Abuse Act and the Stored Communications Act.

Judge Edward Davila has four years of experience as a federal district judge and is currently presiding over *In re: Facebook Internet Tracking Litig.*, MDL 2314 (J.P.M.L. 2012).  Judge Beth Labson Freeman was appointed to the bench in February 2014 after more than a decade of judicial experience as a Superior Court Judge in San Mateo County, California, has since been assigned to preside over antitrust and technology-related litigation matters, but has not yet been assigned an MDL proceeding.

## V.   The Northern District of California is the most convenient and accessible venue for this litigation

The Panel repeatedly has found the Northern District of California to be a convenient and accessible venue for MDL proceedings.  *See, e.g., In re Yosemite Nat'l Park Hantavirus Litig.*, 24 F. Supp. 3d 1370, 1371 (J.P.M.L. 2014) (finding that the Northern District of California "is an accessible and convenient forum – both for witnesses located [nearby] and for parties located across the country."); *In re Protegrity Corp. and Protegrity USA, Inc. Patent Litig.*, MDL 2600, 2015 WL 506373 (J.P.M.L. Feb. 6, 2015).  This is particularly true in cases such as this, where one of the principal defendants (Lenovo Group Ltd.) and some of the witnesses and documents are located in Asia.  *See In re: Lidoderm Antitrust Litig.*, 11 F. Supp. 3d 1344, 1345 (J.P.M.L. 2014) (finding that the Northern District of California "likely will be the most convenient for the greatest number of parties in this litigation, including the defendants based on the West Coast and in Asia."); *In re: Lithium Ion Batteries Antitrust Litig.*, 923 F. Supp. 2d 1370, 1371 (J.P.M.L. 2013) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) (same).

The Northern District of California has three major international airports in San Francisco, San Jose and Oakland.  San Francisco International Airport is the nation's seventh largest, with non-stop flights to more than 31 international cities on 30 international carriers and non-stop flights to 76 cities in the U.S. on 15 domestic airlines.[23]  The Eastern District of North Carolina has one major airport, Raleigh-Durham International Airport, which has only one non-stop flight daily to San Francisco and no non-stop flights to Asia.[24]

The Northern District of California also is the most convenient forum for the parties and their counsel.  Both Lenovo defendants maintain offices in the district, and Lenovo's Senior Vice President and General Counsel appears to reside and work in the district.  Lenovo (US) is represented by two law firms, Dykema Gossett PLLC and Womble Carlyle Sandrige & Rice LLP, both of which maintain offices in California, with one in the district.  Superfish and its counsel, Fenwick & West LLP, are both headquartered in the district as well.  Plaintiffs' counsel are similarly present in California and the Northern District of California.  California attorneys are listed as Plaintiffs' counsel in 16 of the 21 pending actions.  Two of the Plaintiffs' firms that filed in the Eastern District of North Carolina, Robbins Geller Rudman & Dowd LLP and Block & Leviton LLP, similarly have offices and attorneys in the Northern District of California.

## VI.    The Northern District of California is supported by the most parties in the litigation

The Panel should also give great weight to the fact that the Northern District of California is supported by most parties in the litigation.  *See In re: Automotive Wire Harness Systems Antitrust Litig.*, 844 F. Supp. 2d 1367, 1368 (J.P.M.L. 2012) ("We are persuaded that the Eastern District of

---

[23] *See Flight Info*, FlySFO, http://www.flysfo.com/flight-info (last visited Mar. 17, 2015).

[24] *See Airline Destinations*, Raleigh-Durham International Airport, http://www.rdu.com/airline-information/airline-destinations/ (last visited Mar. 17, 2015).

Michigan is the most appropriate transferee district. Most responding parties support centralization there."); *In re Tamoxifen Citrate Antitrust Litig.*, 196 F. Supp. 2d 1371, 1373 (J.P.M.L. 2001) (transferring proceeding to the Eastern District of New York in part because "most parties support centralization in this district in some manner.").

Defendant Superfish and all 27 of the plaintiffs in the 12 actions pending in the Northern District of California support transfer to that district, as do three of the plaintiffs in one of the actions pending in the Eastern District of North Carolina and all seven of the plaintiffs in the actions pending in the Southern District of California, the Eastern District of New York, the District of Oregon, the Northern District of Illinois, the Western District of Kentucky and the Western District of Washington. Even the plaintiff in the *Pick* action pending in the Eastern District of North Carolina, while still advocating for transfer to that district, concedes that the Northern District of California is an acceptable and viable alternative transferee venue.[25] In contrast, no plaintiff in any of the actions filed outside of the Eastern District of North Carolina supports transfer to that district or to any district other than the Northern District of California.

## VII.   The Northern District of California has a low caseload and a highly efficient docket, and the San Jose division is under-utilized in MDL proceedings

The Northern District of California also is the superior venue because it has a lower caseload per judgeship and disposes of cases faster than the Eastern District of North Carolina. *See In re Silica Products Antitrust Litig.*, 280 F. Supp. 2d 1381, 1383 (J.P.M.L. 2003) ("[W]e are assigning these actions to a seasoned jurist with a relatively low civil caseload."); *In re: Indianapolis Life Ins. Co. I.R.S. 412(l) Plan Life Ins. Marketing Litig.*, 581 F. Supp. 2d 1364, 1366 (J.P.M.L. 2008) (assigning actions to judge with "a relatively low caseload.).

---

[25] Counsel for the N.D. Cal. Plaintiffs conferred about this issue with counsel for Plaintiff in the *Pick* action prior to filing this interested party response.

In complex and technical MDLs such as this, the Panel has emphasized that the transferee court also should have the capacity and resources to handle the proceeding.  *See In re Merrill Lynch & Co. Inc. Research Reports Litig.*, 223 F. Supp. 2d 1388, 1390 (J.P.M.L. 2002) (transferring cases to the Southern District of New York because it had the resources to devote substantial time and effort to pretrial matters in a complex MDL proceeding).

The Northern District of California has 455 pending cases per judgeship.  The number is substantially higher in the Eastern District of North Carolina, with 679 pending cases per judgeship.[26]  Given this large disparity in caseloads, it is not surprising that cases move faster in the Northern District of California.  The median time from filing through disposition is only 7.9 months in the Northern District of California, as opposed to 9.9 months in the Eastern District of North Carolina.  *Id.* And while only 7.2% of all pending civil cases are over three years old in the Northern District of California, 16.7% of all pending civil cases are over three years old in the Eastern District of North Carolina.

Any rational calculus of actual judicial economy thus strongly favors transferring this MDL proceeding to the Northern District of California.  *See U.S. ex rel. Hutcheson v. Blackstone Med., Inc.*, 694 F. Supp. 2d 48, 54-55 (D. Mass. 2010) (reversed on other grounds, 647 F.3d 377 (1st Cir. 2011)) (transferring cases to District of Massachusetts over District of Arkansas in large part on the basis of "accurate measures of productivity" and "disparity in caseload.").

Finally, while the Northern District of California as a whole has 17 pending MDL proceedings (of which at least two are in the process of winding down), the San Jose division,

---

[26] *See Federal Court Management Statistics as of September 2014*, U.S. Courts, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-september-2014.pdf at pp. 21 and 66 (last visited Mar. 17, 2015).

where the Northern District of California actions are pending, has five sitting judges and only one pending MDL proceeding.  This under-utilization of the San Jose division, in relative and absolute terms, justifies the transfer of these cases to the San Jose division of the Northern District of California.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1380 (J.P.M.L. 2001) ("[C]entralization to this district permits the Panel to effect the § 1407 assignment to a major metropolitan court that (i) is not currently overtaxed with other multidistrict dockets, and (ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.").

## CONCLUSION

For all of the foregoing reasons, these cases should be consolidated and transferred to the Northern District of California (San Jose division) for pretrial proceedings.


Dated:  March 18, 2015

**PRITZKER LEVINE LLP**
Jonathan K. Levine
Elizabeth C. Pritzker
Shiho Yamamoto

_____*/s/ Jonathan K. Levine*_____

180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com
sy@prtitzkerlevine.com

Attorneys for Plaintiff in *Sterling v. Lenovo (United States) Inc., et al.*
(N.D. Cal., No. 5:15-cv-807-RMW)

**EDELSON PC**
Jay Edelson
Rafey S. Balabanian

Benjamin H. Richman

_____/s/ Benjamin H. Richman_____

350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone:  (312) 589-6370
Facsimile:  (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
brichman@edelson.com

Attorneys for Plaintiffs in *Hunter v. Lenovo
(United States) Inc., et al.*
(N.D. Cal., No. 5:15-cv-819-NC)

**LAW OFFICES OF ALEX SCHACK**
Alexander M. Schack
Natasha Naraghi

_____/s/ Natasha Naraghi_____

16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608
alexschack@amslawoffice.com
natashanaraghi@amslawoffice.com

Attorneys for Plaintiff in *Bennett v. Lenovo
(United States) Inc., et al.*
(S.D. Cal., No. 3:15-cv-368-CAB-RBB)

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King
Linda Fong
Mario Choi

_____/s/ Laurence D. King_____

350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox

18

David A. Straite
850 Third Ave., 14th Floor
New York, NY  10022
Telephone:  (212) 687-1980
Facsimile:   (212) 687-7714
ffox@kaplanfox.com
dstraite@kaplanfox.com

**WITES & KAPETAN, P.A**.
Mark A. Wites
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0206
mwites@wklawyers.com

Attorneys for Plaintiffs in *Hall, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-964-NC)

**GIRARD GIBBS LLP**
Daniel C. Girard
Eric H. Gibbs
Adam E. Polk

_____*/s/ Daniel C. Girard*_____

601 California Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
ehg@girardgibbs.com
aep@girardgibbs.com

Attorneys for Plaintiffs in *Estrella, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-1044-LHK)

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan
Isam C. Khoury
J. Jason Hill

_____*/s/ Timothy D. Cohelan*_____

605 C Street, Suite 200
San Diego, California 92101

Telephone: (619) 595-3001
Facsimile: (619) 595-3000
tcohelan@ckslaw.com
ikhoury@ckslaw.com
jhill@ckslaw.com

Attorneys for Plaintiffs in *Martini v. Lenovo (United States) Inc., et al.*
(N.D. Cal., No. 4:15-cv-1069-DMR)

**COTCHETT, PITRE & McCARTHY, LLP**
Steven M. Williams
Matthew K. Edling


_____*/s/ Matthew K. Edling*_____

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
medling@cpmlegal.com

Attorneys for Plaintiff in *JGX, Inc. v. Lenovo Group Limited, et al.*
(N.D. Cal., No. 5:15-cv-1113-NC)

**FEDERMAN & SHERWOOD**
William Federman


_____*/s/ William Federman*_____

10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405(239-2112
wbf@federmanlaw.com

Attorneys for Plaintiffs in *Johnson v. Lenovo (United States) Inc., et al.*
(N.D.  Cal.,  No.  5:15-cv-1122-PSG)  and
*Thweatt v. Lenovo (United States) Inc., et al*.
(W.D. Wash., No. 2:15-cv-00390-JCC)

**SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP**
Todd M. Schneider
Mark T. Johnson


_____*/s/ Todd M. Schneider*_____

180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
Arthur Stock

_____*/s/ Shanon J. Carson*_____

1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile:  (215) 875-4604
scarson@bm.net
astock@bm.net

Attorneys for Plaintiff in *Simonoff v. Lenovo
(United States) Inc., et al.*
(N.D. Cal., No. 5:15-cv-1125-LHK)

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald
James J. Bilsborrow
Christopher B. Dalbey

_____*/s/ Robin L. Greenwald*_____

700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

1880 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:  (310) 247-0921

Facsimile:  (310) 786-9927
cdalbey@weitzlux.com
rgreenwald@weitzlux.com
jbilsborrow@weitzlux.com

Attorneys for Plaintiffs in *Wood, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No.  5-15-cv-1166-PSG)  and *Phillips, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.Y., No. 1:15-cv-1103-JBW-CLP)

**FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**
Seth M. Lehrman
Steven R. Jaffe

_____*/s/ Steven R. Jaffe*_____

425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301
Telephone:  (954) 524-2820
Facsimile:  (954) 524-2822
seth@pathtojustice.com
steve@pathtojustice.com

Attorneys for Plaintiff in *Behren, et al. v. Lenovo (United States) Inc., et al*. (N.D. Cal., No. 3:15-cv-1177-LB)

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel
Barrett J. Vahle
Ethan M. Lange

_____*/s/ Norman E. Siegel*_____

460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile:  (816) 714-7101
siegel@stuevesiegel.com
vahle@stuevesiegel.com
lange@stuevesiegel.com

**STUEVE SIEGEL HANSON LLP**

Jason S. Hartley
550 West C Street, Suite 1750
San Diego, CA 92101
Telephone:  (619) 400-5822
Facsimile:  (619) 400-5832
hartley@stuevesiegel.com

Attorneys for Plaintiffs in *Ravencamp v. Lenovo (United States) Inc., et al.*
(N.D. Cal., No. 3:15-cv-1206-KAW)

**SAVERI & SAVERI, INC.**
R. Alexander Saveri
Cadio Zirpoli
Carl N. Hammarskjold

        */s/ Cadio Zirpoli*

706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
rick@saveri.com
cadio@saveri.com
carl@saveri.com

Attorneys for Plaintiffs in *Schultz v. Lenovo Group Limited, et al.*
(N.D. Cal., No. 5:15-cv-1270-PSG)

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Steve D. Larson
Mark A. Friel

        */s/ Mark A. Friel*

209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
slarson@stollberne.com
mfriel@stollberne.com

**ABINGTON COLE + ELLERY**
Cornelius P. Dukelow

320 S. Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
Telephone & Facsimile: (918) 588-3400
cdukelow@abingtonlaw.com

Attorneys for Plaintiffs in *Levenhagen v.*
*Lenovo (United States) Inc., et al.*
(D. Or., No. 3:15-cv-401-AC)

**KRISLOV & ASSOCIATES, LTD.**
Clinton A. Krislov
Ken Goldstein
John Orellana

_____*/s/ Clinton A. Krislov*_____

Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
Telephone:  (312) 606-0500
Facsimile:  (312) 606-0207
clint@krislovlaw.com
ken@krislovlaw.com
john@krislovlaw.com

Attorneys for Plaintiffs in *Hayden v. Lenovo,*
*Inc., et al.*
(N.D. Ill., No. 1:15-cv-2132)

**LAW    OFFICE    OF    GEORGE    W.**
**COCHRAN**
George W. Cochran

_____*/s/ George W. Cochran*_____

1385 Russell Drive
Streetsboro, OH 44241
Telephone: (330) 626-5600
lawchrist@gmail.com

**BISHOP FRIEND PSC**
Robert W. "Joe" Bishop
John S. Friend
Tyler Z. Korus

_____*/s/ Robert W. Bishop*_____

24

6520 Glenridge Park Place, Suite 6
Louisville, KY 40222
Telephone:  (502) 425-2600
Firm@bishoplegal.net

Attorneys for Plaintiffs in *Foster v. Lenovo
(United States) Inc., et al.*
(W.D. Ky., No. 3:15-cv-203-DJH)

**THE WERNER LAW FIRM**
Matthew Q. Wetherington
Adam L. Hoipkemier


_____*/s/ Matthew Q. Wetherington*_____


2142 Vista Dale Court
Atlanta, GA 30084
Telephone:  (770) 837-3428
Facsimile:  (855) 873-2090
matt@wernerlaw.com
adam@wernerlaw.com

Attorneys for Plaintiffs in *Wu, et al. v.
Lenovo (United States) Inc., et al.*
(E.D.N.C., No. 5:15-cv-108-FL)

25

**APPENDIX A**

The N.D. Cal. Plaintiffs include all plaintiffs in the following actions:

*Sterling v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-807-RMW)

*Bennett v. Lenovo (United States) Inc., et al.*, (S.D. Cal., No. 3:15-cv-368-CAB-RBB)

*Hunter v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-819-NC)

*Hall, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-964-NC)

*Estrella, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-1044-LHK)

*Martini v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 4:15-cv-1069-DMR)

*JGX, Inc. v. Lenovo Group Limited, et al.* (N.D. Cal., No. 5:15-cv-1113-NC)

*Johnson v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-1122-PSG)

*Simonoff v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5:15-cv-1125-LHK)

*Wood, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 5-15-cv-1166-PSG)

*Behren, et al. v. Lenovo (United States) Inc., et al*. (N.D. Cal., No. 3:15-cv-1177-LB)

*Ravencamp v. Lenovo (United States) Inc., et al.* (N.D. Cal., No. 3:15-cv-1206-KAW)

*Schultz v. Lenovo Group Limited, et al.* (N.D. Cal., No. 5:15-cv-1270-PSG)

*Phillips, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.Y., No. 1:15-cv-1103-JBW-CLP)

*Levenhagen v. Lenovo (United States) Inc., et al.* (D. Or., No. 3:15-cv-401-AC)

*Hayden v. Lenovo, Inc., et al.* (N.D. Ill., No. 1:15-cv-2132)

*Foster v. Lenovo (United States) Inc., et al.* (W.D. Ky., No. 3:15-cv-203-DJH)

*Thweatt v. Lenovo (United States) Inc., et al*. (W.D. Wash., No. 2:15-cv-00390-JCC)

*Wu, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.C., No. 5:15-cv-108-FL)

**APPENDIX B**

UNITED STATES DISTRICT OCURT
NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF|
STERLING INTERNATIONAL CONSULTING GROUP

vs.
DEFENDANT|

LENOVO (UNITED STATES)INC., LENOVO GROUP

LIMITED, and SUPERFISH INC.,

Case No. 5:15 cv 00807-RMW

Affidavit of Process Service

I, Pauline Purvis, declare that I am a resident of Wake County, North Carolina, over the age of eighteen and not a party to this action; and that the facts herein set forth below are true and correct to the best of my knowledge, information and belief.

Service: ☐ I served   with the   by serving   at   on   at

Manner of Service: ☐ By personally delivering copies to the person/authorized agent of the entity being served.

☐ By leaving during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof.

☐ By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household 18 or older and explaining the general nature of the papers.

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.  Thereafter, copies of the document were mailed by prepaid, first class mail on        from        .

Description: Age:   , Sex:   , Race:   , Height:   , Weight:   lbs., Hair:   Glasses:   , Other:

Non-Service: ☒ After due search, careful inquiry and diligent attempts at the address listed below, I have been unable to effect process upon  LENOVO GROUP LIMITED at 1009 THINK PLACE, MORRISVILLE NC 27560 because of  the following reason: LENOVO GROUP LIMITED IS NOT LOCATED AT THIS LOCATION PER TOM MCMASTER, LEGAL COUNSEL

Service Attempts: Service was attempted on 3/6/15 at 2:25PM,        at        ,   at        .

I declare under the penalty of perjury that the information contained herein is true and correct and this affidavit was executed on Mar. 9, 15 at Raleigh, NC.

_____
Pauline Purvis

State of North Carolina
County of Wake

Sworn to and subscribed before me on 3/9/2015.

_____
Ronald H. Sherron, Notary Public

My commission expires on April 10, 2018

Process Servers of North Carolina

A Division of Paralegal Services of North Carolina, Inc.